UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

          - against -                  25-cr-465 (JGK)

DAVID CROWELL,                    ORDER

              Defendant.
_____

**JOHN G. KOELTL, District Judge:**

On October 9, 2025, the defendant, David Crowell, was charged in a three-count indictment with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C) (Count One); firearm use, carrying, and possession, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and possession of a firearm and ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). ECF No. 12. The defendant moves for an order severing Count Three from Counts One and Two of the indictment, or, in the alternative, for a bifurcated trial. See ECF No. 24; ECF No. 25, at 3.

Pursuant to Federal Rule of Criminal Procedure 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires." In this case, the presence of Count Three would be prejudicial to the defendant because a jury would

learn of the defendant's prior felony conviction when considering whether he possessed drugs with the intent to distribute them and possessed a gun in furtherance drug trafficking. Therefore, while properly joined, there should be a remedy to avoid unfair prejudice to the defendant from the presence of Count Three. See United States v. Jones, 16 F.3d 487. 492 (2d Cir. 1994) (recognizing that joining an "ex-felon" charge with another charge "requires either severance, bifurcation, or some other effective ameliorative procedure" due to the risk of prejudice from the "ex-felon" charge). In this case, severance is unnecessary, because bifurcation is sufficient to avoid undue prejudice to the defendant. At trial, the jury will determine Counts One and Two before hearing evidence on Count Three.

Therefore, the motion to sever is **denied,** but the Court orders bifurcation of Count Three from Counts One and Two.

The Clerk is respectfully requested to close ECF No. 24.

**SO ORDERED.**

Dated:     **New York, New York**
           **January 21, 2026**

_____
**John G. Koeltl**
**United States District Judge**

2